**AFFIRM and Opinion Filed August 19, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00995

**SUNNOVA AP5 CONDUIT LLC, Appellant**
**V.**
**HUNT COUNTY APPRAISAL DISTRICT, Appellee**

**On Appeal from the 196th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 85135**

## OPINION

Before Chief Justice Burns, Justice Richter[1], and Justice Rosenberg[2]
Opinion by Chief Justice Burns

Sunnova AP5 Conduit LLC appeals the trial court's summary judgment in favor of Hunt County Appraisal District (HCAD) denying Sunnova a tax exemption related to the value of appraised property arising from the installation or construction of a solar powered device. We affirm the trial court's judgment.

## I.

The parties stipulated to the following facts: Sunnova leases to Texas residents solar systems which are designed to convert radiant energy from the sun into electricity. In 2015, Sunnova installed and constructed a solar system at a residence in Hunt County, Texas, and leased the solar system to the homeowners.

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Hon. Barbara Rosenberg, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, sitting by assignment.

For fiscal year 2017, Sunnova filed an Exemption Application, requesting exemption for the solar device from HCAD pursuant to § 11.27 of the Texas Tax Code (the Exemption). HCAD denied the Exemption Application, and Sunnova timely protested. HCAD's appraisal review board heard Sunnova's protest and determined the solar device should be taxed at an appraised value of $9,310. Upon receiving the board's final order, Sunnova filed suit appealing denial of its Exemption Application.

The parties agree the solar device falls within the Exemption's definition of "solar energy device." The undisputed evidence also demonstrates that Sunnova is the sole owner of any tax credits related to the device.

The trial court granted HCAD's motion for summary judgment and denied Sunnova's motion, concluding, but without stating a basis for its finding, that Sunnova was not entitled to the Exemption.

## II.

Summary judgments present questions of law, reviewed de novo. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). When the parties file competing motions for summary judgment on the same issues and the trial court grants one motion and denies the other, the reviewing court must consider all of the summary judgment evidence presented by both sides, determine all questions presented, and if the trial court erred, render the judgment the trial court should have rendered. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a trial court grants summary judgment for one movant and denies it for another without specifying the reason for its ruling, we may affirm the trial court's judgment if any of the grounds raised in the prevailing party's motion are meritorious. *See Carlton v. Trinity Universal Ins.*, 32 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Statutory construction is also a question of law, reviewed de novo. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). Our primary objective when construing statutes is to give effect to the legislature's intent. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018). The plain meaning of the text expresses legislative intent unless legislative definition or context provides otherwise, or the plain meaning leads to an absurd result. *Id*. We "read statutes contextually to give effect to every word, clause and sentence" and "strive to give the provision a meaning that is in harmony with other related statutes." *Id.* at 838, 845 n.8. If we cannot determine legislative intent solely from the words of the statute and those words give rise to two or more reasonable interpretations, a statute is ambiguous. *Id.* at 838 (citing *Tex. State Bd. of Exam'rs of Marriage & Family Therapists v. Tex. Med. Ass'n*, 511 S.W.3d 28, 41 (Tex. 2017)). Moreover, statutory exemptions from taxation are strictly construed and all doubts are resolved against the exemption. *See N. Alamo Water Supply Corp. v. Willacy Cty. Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). We construe statutory exemptions from taxation strictly "because they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally." *Id.* All doubts are resolved in favor of the taxing authority and against the claimant. *Bullock v. Nat'l Bancshares Corp.*, 584 S.W.2d 268, 272 (Tex. 1979).

Section 11.17 of the Texas Tax Code provides:

Solar and Wind-Powered Energy Devices

(a)    A person is entitled to an exemption from taxation of the amount of appraised value of his property that arises from the installation or construction of a solar or wind-powered energy device that is primarily for production and distribution of energy for on-site use.

Tex. Tax Code § 11.27.

Sunnova, as the owner and lessor of the solar device, argues it is entitled to the Exemption, noting the statute's language (1) does not require the solar device to be used on the owner's real property and (2) does not disqualify for-profit lessors from receiving the Exemption. Sunnova asserts it qualifies as a "person" and the parties' stipulation demonstrates satisfaction of all other requirements of the Exemption.

HCAD asserts the Exemption does not apply to the actual solar device or related equipment, but instead applies only to "the amount of the appraised value of his property that arises from the installation or construction of" solar devices. HCAD therefore frames the Exemption as applying only to the incremental property value arising from the installation or construction of the solar device.

Although Sunnova agrees the Exemption includes HCAD's asserted application, it asserts the Exemption is not limited to instances in which a portion of a homeowner's real property assessment includes the value of a solar device. Sunnova instead contends the Exemption also includes any property, not just real property, and suggests the legislature could have provided the exemption to just "owners of real property" rather than including all "persons" if it had intended to so limit the Exemption.

The analysis and narrow construction of Texas Tax Code § 151.328(a)(1) lends support to HCAD's interpretation. In *Quorum Sales, Inc. v. Sharp*, 910 S.W.2d 59 (Tex. App.—Austin 1995, writ denied)*, the court interpreted § 151.328(a)(1), which provides: "(a) Aircraft are exempted from the [sales and use] taxes imposed by this chapter if: (1) sold to a person using the aircraft as a certificated or licensed carrier of persons or property . . . ." *Id.* at 61 n.2 (quoting TEX. TAX CODE § 151.328(a)(1)). The taxpayer claimed that because after the sale, it entered an operating agreement with a licensed carrier, it was entitled to the sales tax exemption. The Comptroller disagreed. Interpreting the statute in favor of the Comptroller, the *Quorum Sales* court held that

4

the phrase "certificated or licensed carrier" referred to the person purchasing the aircraft and rejected the taxpayer's argument that the exemption also encompassed the aircraft itself even if the aircraft was designated for common carrier operations. *Id.* at 64. Here, Sunnova also seeks a broad interpretation of the Exemption by focusing on the value of the solar device rather than the value of real property arising from installation of the device. Following the logic of *Quorum Sales* and reading the Exemption narrowly, contextually, and in harmony with other provisions of the tax code like § 151.328(a)(1), we conclude the Exemption is intended for the person whose property receives enhancement through installation of the solar device.

The Comptroller's construction also supports our conclusion. Texas courts have "long recognized that an agency's construction of a statute may be taken into consideration by courts when interpreting statutes." *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 404–05 (Tex. 2016); *see also* TEX. GOV'T CODE § 311.023 ("In construing a statute . . . a court may consider among other matters the . . . (6) administrative construction of the statute. . . ."). Section 5.05(a) of the tax code authorizes the Comptroller to prepare and issue publications related to the appraisal of property and the administration of taxes. TEX. TAX CODE § 5.05(a). In its handbook entitled "Texas Property Tax Exemptions," the Comptroller summarizes § 11.27 as, "[p]ersons who install a solar-or-wind-powered energy device to produce energy for onsite use are entitled to exempt the amount of value the device contributes to *their* property." Tex. State Comptroller of Pub. Accounts, *Texas Property Tax Exemptions,* at 15 (Feb. 2018) (emphasis added). The Comptroller accordingly interprets the Exemption as benefitting the property owner on whose property the solar device is installed.

We conclude the Exemption belongs to the person whose property is enhanced by the value of the solar device. Here, no evidence demonstrates the amount of the appraised value of anyone's property *arising from* the installation or construction of the solar device. Instead, the appraised

5

value of Sunnova's solar device is just that—the value of the device standing alone, rather than the increase in value of property on which the device was installed or constructed. Because the Exemption does not apply to the discrete value of the solar device without regard to the increase in value of the property on which the device is installed, we affirm the trial court's summary judgment in favor of HCAD.

/Robert D. Burns, III/
ROBERT D. BURNS III
CHIEF JUSTICE

180995F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SUNNOVA AP5 CONDUIT LLC,
Appellant

No. 05-18-00995-CV        V.

HUNT COUNTY APPRAISAL
DISTRICT, Appellee

On Appeal from the 196th Judicial District
Court, Hunt County, Texas
Trial Court Cause No. 85135.
Opinion delivered by Chief Justice Burns,
Justices Richter and Rosenberg
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee HUNT COUNTY APPRAISAL DISTRICT recover its costs of this appeal from appellee SUNNOVA AP5 CONDUIT LLC.

Judgment entered August 19, 2019.